Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
REGINA BURGOS                                                  :  Case No. ___ Civ. _____
                                                               :
                Plaintiff,                                     :  DEFENDANTS' NOTICE
                                                               :  OF REMOVAL
        v.                                                     :  07 CIV 10517
                                                               :
NORTH FORK BANCORPORATION, INC.                                :
                                                               :  JUDGE KARAS
        and                                                    :
                                                               :
CAPITAL ONE FINANCIAL CORPORATION,                             :
                                                               :
                Defendants.                                    :
-------------------------------------------------------------- X

TO THE CLERK OF THE COURT:

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Capital One Financial Corporation, a successor in interest to North Fork Bancorporation, Inc. ("Capital One"), by and through its attorneys, removes to this Court the action described below:

    1.    On or about October 18, 2007, Plaintiff Regina Burgos ("Plaintiff") filed a summons and complaint in the Supreme Court of the State of New York, County of Dutchess, Index No. 2007/7172, entitled Regina Burgos v. North Fork Bancorporation, Inc. and Capital One Financial Corporation. (A copy of the summons and complaint are attached hereto as Exhibit A).

    2.    On October 30, 2007, Plaintiff purportedly served Capital One by delivering a

\4872307.1

copy of the summons and complaint to the New York Secretary of State. (A copy of the Affidavit of Service for Capital One Financial Corporation is attached hereto as Exhibit B). On October 30, 2007, Plaintiff also purportedly served a copy of the summons and complaint on Capital One via registered mail return receipt requested. (See Exhibit B).

3. On October 30, 2007, Plaintiff purportedly served North Fork Bancorporation, Inc. by delivering a copy of the summons and complaint to the New York Secretary of State. (A copy of the letter from the State of New York – Department of State Division of Corporations enclosing the summons and complaint for North Fork is attached hereto as Exhibit C).

4. In or about December 2006, Capital One acquired 100% of the stock of North Fork Bancorporation, Inc., the parent company for the retail entity known as North Fork Bank, and North Fork Bancorporation, Inc. ceased to exist as a separate entity.

5. On August 1, 2007, North Fork Bank merged with and into Capital One, National Association, ceased to exist as a separate entity.

6. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Pursuant to 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different States ...."

8. Diversity jurisdiction exists over this action, as complete diversity exists between these parties and the matter in controversy exceeds $75,000.00.

9. Complete diversity of citizenship is present because Plaintiff and the Defendants

are citizens of different states. Plaintiff alleges in her complaint that she is a resident of Dutchess County in the State of New York. (Compl. ¶ 1). The Summons states that her address is 15 Mackey Lane, Hyde Park, New York 12538. (Summons). Upon information and belief, Plaintiff is a citizen of the United States and a domiciliary of the State of New York and is therefore a citizen of the State of New York for jurisdictional purposes.

10. Defendant Capital One is a corporation organized under the laws of Delaware and has its principal place of business at 1680 Capital One Drive, McLean, Virginia. Defendant Capital One is therefore a citizen of the State of Delaware for jurisdictional purposes, and is not a citizen of the State of New York.

11. Capital One, National Association is a successor in interest to North Fork Bank and is a national banking association with its main office and principal place of business located in McLean, Virginia.

12. All facts stated herein pertain to the citizenship of the parties as of the time of the filing of the summons and complaint in state court and as of the time of the filing of this Notice of Removal. Both elements of diversity jurisdiction are present. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

13. Although not specifically labeled as a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., Plaintiff's Complaint also presents a federal question for determination, specifically whether Defendants violated ERISA by failing to pay Plaintiff certain employee benefits (See generally Complaint ¶¶ 8, 10-13). Accordingly, this case also is a civil action over which this District Court has original jurisdiction and which may be removed to this Court. Moreover, ERISA commits exclusive jurisdiction to the federal courts over claims brought pursuant to its provisions.

\4872307.1

14. "ERISA is the comprehensive federal law governing employee benefits, 'providing appropriate remedies, sanctions, and ready access to the Federal Courts.' ERISA § 2, 29 U.S.C. § 1001(b)." Fisher v. Building Service 32B-J Health Fund, 96 Civ. 5526 (LAP), 1997 WL 531315 (S.D.N.Y. August 27, 1997).

15. In her complaint, Plaintiff references two letters from North Fork which outline the terms under which she alleges she would be eligible to receive certain benefits pursuant to the GreenPoint Severance Policy Under Change in Control. The GreenPoint Severance Policy Under Change in Control constitutes an employee welfare benefit plan within the meaning and scope of ERISA. See 29 U.S.C. § 1002(1).

16. ERISA provides that a civil action may be brought by a plan participant or beneficiary, "(B) to recover benefits due to him under the terms of his plan ...." 29 U.S.C. § 1132(a)(1)(B); Kabashi v. Building Servs. 32B-J Health Fund, 96 Civ. 6181 (MBM), 1996 WL 592722 (S.D.N.Y. Oct. 16, 1996).

17. ERISA vests exclusive jurisdiction in the United States district courts over claims pursuant to its provisions. "The district courts of the United States have exclusive jurisdiction, without respect to the amount in controversy or citizenship of the parties over ERISA claims. See 29 U.S.C. § 1132(f); Fisher v. Building Serv. 32B-J Health Fund, 96 Civ. 5526 (LAP), 1997 WL 531315 (S.D.N.Y. Aug. 27, 1997) (emphasis added) (citing Met. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987), and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987)).

18. Since Plaintiff's Complaint also presents a federal question for determination, the District Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 and this claim may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq. Moreover, since Plaintiff's claim is

4

\4872307.1

pursuant to ERISA, it is within this Court's exclusive jurisdiction and cannot be maintained in the Supreme Court of the State of New York.

19. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), the Notice of Removal maybe filed within thirty days of receipt of the initial pleading setting forth the claim. Removal is timely because Defendants were purportedly served less than thirty days before the date of removal. See supra ¶¶ 2 and 3.

20. Defendants will cause notice of this removal to be filed with the Supreme Court of the State of New York, County of Dutchess. (A copy of Defendants' Notice of Filing of Notice of Removal is attached hereto as Exhibit D).

Dated: New York, New York
November 20, 2007

McGUIREWOODS LLP

By: _____
Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| STATE OF NEW YORK | | | FILE NO.: 079101 |
| COUNTY OF DUTCHESS | SUPREME | COURT   FILED ON: 10/18/2007 | INDEX NO.: 2007 7172 |

REGINA BURGOS                                                                                    Plaintiff(s)-Petitioner(s)

-vs-

NORTH FORK BANCORPORATION, INC. and                                       Defendant(s)-Respondent(s)
CAPITAL ONE FINANCIAL CORPORATION

STATE OF NEW YORK }
COUNTY OF SCHENECTADY ss.}

I, Mark E. McClosky being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On OCTOBER 30, 2007                at 11:15 A.M.
Deponent served a true copy of    SUMMONS AND COMPLAINT
bearing index number:   2007 7172    and date of filing:   10/18/2007
upon   CAPITAL ONE FINANCIAL CORPORATION
at address:  SECRETARY OF STATE, 41 STATE STREET
City & State:  ALBANY, NY 12207

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving with}  DONNA CHRISTIE
the agent for service on the person in this proceeding designated under Rule 306 BCL    and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized          person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☒ Deponent completed service by depositing a true copy of each, along with notice of such service, in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address 1630 CAPITAL ONE DRIVE McLEAN, VA 22102-3407 on 10/30/2007 The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __ first class mail __ certified mail _x_ registered mail _x_ return receipt requested.

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE                    Race/Skin Color: WHITE              Hair Color: BLONDE
Approximate Age:  47  years    Approximate Height:  5'4"           Approximate Weight:  140 pounds
Other:

Subscribed and sworn before me on}    OCTOBER 30, 2007

| | | | |
|---|---|---|---|
| Karen E. Rock #01R06065213 | Kathryn A. Rock-McClosky | Attorney:<br>Richard B. Wolf | Mark E. McClosky |
| Notary Public, State of New York | Commissioner of Deeds | 510 Haight Avenue | Deponent |
| Qualified in Schenectady County | Qualified in Schenectady County | Poughkeepsie, NY 12603 | |
| Commission Expires: 10/09/2009 | Commission Expires: 08/27/2004 | 845-454-1200 | |

affidavit number: 200771140

FIRM FILE #30516

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
NORTH FORK BANCORPORATION, INC.            BURGOS, REGINA

JEFFREY STARR
C/O NORTH FORK BANK
275 BROADHOLLOW RD
MELVILLE, NY 11747

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 10/30/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

Michael J. DiMattia
Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------- X
REGINA BURGOS                                                 :   Index No. 2007/7172
                                                              :
                    Plaintiff,                                :   **NOTICE OF FILING**
                                                              :   **OF NOTICE OF**
          v.                                                  :   **REMOVAL**
                                                              :
NORTH FORK BANCORPORATION, INC.                               :
                                                              :
          and                                                 :
                                                              :
CAPITAL ONE FINANCIAL CORPORATION,                            :
                                                              :
                    Defendants.                               :
------------------------------------------------------------- X

TO THE CLERK OF COURT:

      NOTICE IS HEREBY GIVEN that Defendants North Fork Bancorporation, Inc., a predecessor entity to Capital One Financial Corporation ("Capital One") and Capital One, have removed the above-captioned case pursuant to the Notice of Removal filed in the United States District Court for the Southern District of New York, on November 19, 2007. (Exhibit A attached hereto). Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

\4872611.1

Dated: New York, New York
November ２１, 2007

                                      McGUIREWOODS LLP

By: _____
Michael J. DiMattia
Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

\4872611.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
---------------------------------------------------------------- x

REGINA BURGOS,

              Plaintiff,

    v.

NORTH FORK BANCORPORATION, INC.

    and

CAPITAL ONE FINANCIAL CORPORATION,

              Defendants.

---------------------------------------------------------------- x

2007
7172

Index No.

Plaintiff designates
Dutchess County
as the place of trial

The basis of the venue
is Plaintiff's residence

**SUMMONS**

Plaintiff resides at
15 Mackey Lane
Hyde Park, NY 12538
County of Dutchess

To the above Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within thirty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Poughkeepsie, New York
      October 17, 2007

RICHARD B. WOLF
Attorney for Plaintiff
510 Haight Avenue
Poughkeepsie, NY 12603
(845) 454-1200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
---------------------------------------------------------------- x

REGINA BURGOS,

        Plaintiff,

v.

NORTH FORK BANCORPORATION, INC.

and

CAPITAL ONE FINANCIAL CORPORATION,

        Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Index No.

2007
7172

    Plaintiff, by her attorney, Richard B. Wolf, for her Complaint alleges as follows:

    1.    Plaintiff is and at all times relevant to this Complaint has been a resident of the County of Dutchess, State of New York.

    2.    Defendant North Fork Bancorporation, Inc. ("North Fork") is a Delaware corporation which at all relevant times herein was authorized to do business in the State of New York. North Fork conducts banking operations through numerous branches in the State of New York.

    3.    Defendant Capital One Financial Corporation ("Capital One"), is a Delaware corporation and a financial institution which, upon

information and belief, does business in the State of New York and provides financial services in the State of New York.

4. Upon further information and belief, North Fork merged with Capital One effective in 2007.

## FIRST CLAIM FOR RELIEF

5. In 2004, Plaintiff was performing her duties as a vice president in North Fork's Human Resources payroll section and was reassigned by North Fork to North Fork's Melville, New York office site.

6. Plaintiff's 2004 assignment to work at North Fork's Melville, New York site substantially increased the distance, time and stress to Plaintiff from her prior automobile commute from her home in Hyde Park, New York to North Fork's Lake Success, New York worksite.

7. The increase commute time and distance required by North Fork due to the reassignment caused Plaintiff to suffer great stress which worsened Plaintiff's coronary heart disease and diabetes disabilities which were known to North Fork management since at least early 2004 and prior to her reassignment to the Melville work location.

8. On or about December 30, 2004, Plaintiff and Defendant North Fork entered into a contract in which North Fork agreed to provide Plaintiff

with a $50,000 severance payment if Plaintiff "rescinded" her employment with North Fork by April 1, 2005.

9. Because Plaintiff's lengthy commute was causing her to suffer increased stress and threats to her health, Plaintiff informed Defendant in February 2005 that she would have to cease her commute to North Fork's Melville, New York office prior to April 1, 2005.

10. Plaintiff thereupon offered and was able to perform her payroll duties at her home until April 1, 2005, an accommodation which would not have caused undue hardship to North Fork's operations. Despite Plaintiff's ability to complete her work commitment at least to April 1, 2005, in order to receive the $50,000 severance, North Fork arbitrarily and without justification refused to allow Plaintiff to fulfill her commitment by working on payroll matters at home as she requested for at least the approximate six week period remaining from mid-February 2005 to April 1, 2005.

11. After North Fork's arbitrary and unjustified refusal to permit Plaintiff to perform her duties as aforesaid, North Fork reneged on and breached its December 30, 2004 contract, and refused to pay the $50,000 severance payment to Plaintiff duly demanded by her.

12. Instead, North Fork arbitrarily offered Plaintiff a reduced severance of $27,500. Having been told that North Fork would in no event

honor its $50,000 severance contract, and needing funds to meet current financial obligationsn at that time, Plaintiff was forced to agree to a reduced $27,500 severance amount on or about March 18, 2005.

13. Notwithstanding North Fork's second contractual commitment, dated March 18, 2005, North Fork breached that contract as well by refusing to pay the $27,500 to Plaintiff as required under the March 18, 2005and as demanded by Plaintiff, who at all times satisfactorily performed her commitments under the contract.

### SECOND CLAIM FOR RELIEF

14. Plaintiff restates and realleges the allegations in Paragraphs 5-13 of this complaint as if fully alleged in this Paragraph. Plaintiff further alleges that North Fork's refusal to pay Plaintiff each aforesaid payments, its reduction of the severance payment from $50,000 to $27,500, and its bad faith refusal to permit Plaintiff to perform her job at home as a reasonable accommodation for her disabilities, as requested, was based in whole or substantial part on Plaintiff's coronary disease and diabetes disabilities, Plaintiff's record of such impairments known to North Fork, and Plaintiff being regarded by North Fork as disabled because of such impairments, within the meaning of the New York Human Rights Law, Executive Law, Section 292 (21).

1. Directing payment to Plaintiff of $50,000 severance with interest from April 1, 2005;

2. Directing payment to Plaintiff of $27,500 severance with interest from April 1, 2005 if North Fork is not found contractually liable for $50,000;

3. Further damages of at least $170,000 as a consequence of North Fork's breach of contract;

4. Damages of $400,000 based on Defendants' intentional unlawful discriminatory practice based on Plaintiff's disability;

5. Directing Plaintiff's reinstatement with Defendants with a reasonable accommodation for her disability;

6. Awarding Plaintiff the costs and disbursements of this action; and

7. Awarding such other and further relief as this Court may deem just and proper;

8. Awarding such attorney's fees as may be authorized by law.

Dated: Poughkeepsie, New York
October 17, 2007

RICHARD B. WOLF
Attorney for Plaintiff
510 Haight Avenue
Poughkeepsie, NY 12603
(845) 454-1200