Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
REGINA BURGOS                                : Case No. 07 Civ. 10517
                                             : (KMK)
        Plaintiff,                           :
                                             :
    v.                                       : **ANSWER**
                                             :
NORTH FORK BANCORPORATION, INC.              :
                                             :
    and                                      :
                                             :
CAPITAL ONE FINANCIAL CORPORATION,           :
                                             :
        Defendants.                          :
------------------------------------------------------------------ X

        Defendant Capital One Financial Corporation, a successor in interest to North Fork Bancorporation, Inc. ("Capital One"),[1] by and through its attorneys McGuireWoods LLP, answers the complaint as follows:

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except that Defendant's records reflect that at one time Plaintiff was s resident of New York State.

        2.    Denies each and every allegation set forth in Paragraph 2 of the Complaint, except states that in or about December 2006, Capital One acquired 100% of the stock of North Fork Bancorporation, Inc., the parent company for the commercial bank known as

---

[1] In or about December 2006, Capital One acquired 100% of the stock of North Fork Bancorporation, Inc., the parent company for the commercial bank known as North Fork Bank, and North Fork Bancorporation, Inc. ceased to exist as a separate entity.

1

\4873382.1

North Fork Bank, and North Fork Bancorporation, Inc. ceased to exist as a separate entity and on August 1, 2007, North Fork Bank merged with and into Capital One, National Association, and North Fork Bank ceased to exist as a separate entity.

3. Denies each and every allegation set forth in Paragraph 3 of the Complaint, except states that Capital One is a corporation organized under the laws of Delaware and has its principal place of business at 1680 Capital One Drive, McLean, Virginia.

4. Denies each and every allegation set forth in Paragraph 4 of the Complaint, except states that in or about December 2006, Capital One acquired 100% of the stock of North Fork Bancorporation, Inc., the parent company for the commercial bank known as North Fork Bank, and North Fork Bancorporation, Inc. ceased to exist as a separate entity and on August 1, 2007, North Fork Bank merged with and into Capital One, National Association, and North Fork Bank ceased to exist as a separate entity.

## AS TO THE FIRST CLAIM FOR RELIEF

5. Denies each and every allegation set forth in Paragraph 5 of the Complaint, except states that in or about December 2004, Plaintiff accepted a position as Vice President in the payroll area of North Fork Bank's Human Resources department in Melville, New York.

6. Denies each and every allegation set forth on Paragraph 6 of the Complaint.

7. Denies each and every allegation set forth on Paragraph 7 of the Complaint.

8. Denies each and every allegation set forth in Paragraph 8 of the Complaint and refers to the December 30, 2004 correspondence between North Fork Bank and Plaintiff which speaks for itself.

9. Denies each and every allegation set forth in Paragraph 9 of the Complaint except states that on or about February 13, 2005, Plaintiff resigned from her employment with North Fork Bank effective April 8, 2005.

10. Denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Denies each and every allegation set forth in Paragraph 11 of the Complaint.

12. Denies each and every allegation set forth in Paragraph 12 of the Complaint and refers to the March 18, 2005 correspondence between North Fork Bank and Plaintiff which speaks for itself.

13. Denies each and every allegation set forth in Paragraph 13 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

14. To the extent a response is required to the first sentence in Paragraph 14 of the Complaint, Defendant repeats and incorporates by reference each of its responses to Paragraphs 1 through 13 of the Complaint with the same force and effect as though fully set forth herein. Defendant denies each and every remaining allegation set forth in Paragraph 14 of the Complaint.

15. Denies each and every allegation set forth in the Paragraphs numbered 1-8 following Paragraph 14 in the Complaint and further denies that Plaintiff is entitled to the remedies or relief sought in these Paragraphs numbered 1-8.

## AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

All or part of the Complaint is barred by Plaintiff's failure to exhaust her administrative remedies, appropriate statutes of limitations and/or by her failure to satisfy the jurisdictional pre-requisites or conditions precedent to filing an action under ERISA.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's disability claim is barred, in whole or in part, by the fact that any and all actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged disability and were without any discriminatory animus or in violation of any rights under any laws prohibiting discrimination.

## AS AND FOR A FIFTH DEFENSE

Each and every action taken by Defendant was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

## AS AND FOR A SIXTH DEFENSE

North Fork Bancorporation, Inc. is not the proper defendant in an action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 2001 et seq.

## AS AND FOR A SEVENTH DEFENSE

Capital One is not the proper defendant in an action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 2001 et seq.

## AS AND FOR A EIGHTH DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by legitimate business necessity.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because, at all times relevant hereto, Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims for damages are barred or reduced by the requirement that she mitigate, or make a reasonable effort to mitigate, those alleged damages.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot establish a prima facie case of disability discrimination under any theory of law.

## AS AND FOR A THIRTEENTH DEFENSE

As a matter of law, any cause of action for breach of contract with respect to the benefits referred to in the Complaint is preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 2001 et seq.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for its conduct with respect to Plaintiff was in any way a pretext for purposeful, intentional and/or legally prohibited discrimination.

## AS AND FOR A FIFTEENTH DEFENSE

In the alternative, Plaintiff's claims are not actionable because the same decisions would have resulted even if an impermissible purpose had not been considered.

## AS AND FOR A SIXTEENTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims and/or her demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and/or conduct of Plaintiff if the facts reveal this to be the case upon completion of discovery.

### AS AND FOR A SEVENTEENTH DEFENSE

Defendant did not commit, permit or order any employee to commit acts in violation of any state, federal or local statute

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff is not entitled to punitive damages with respect to any of her claims because Defendant did not engage in discriminatory practices, did not act with malice or with willful or reckless indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious or improper manner that would support any award of punitive damages in this matter and because Defendant has made good faith efforts to comply with its duties under the law.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is an employee at-will.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no contract existed between Plaintiff and Defendant.

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the failure of Plaintiff to perform at the level required by Defendant or to comply with Defendant's policies and standards.

### AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, waiver and estoppel.

### AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's fraud and/or material misrepresentation of fact.

### AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's fraud in the inducement under the alleged agreement(s).

### AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not acted in good faith.

### AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to perform the required conditions precedent under the alleged agreement(s).

### AS AND FOR A TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff breached her material obligations under the alleged agreement(s).

### AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff breached the covenant of good faith and fair dealing.

### AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff breached her duty of loyalty to Defendant.

### AS AND FOR A THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because violated Defendant's policies and procedures.

### AS AND FOR A THIRTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part for lack of consideration.

### AS AND FOR A THIRTY-SECOND DEFENSE

In the alternative, if there was a valid agreement, the non-contract claims would be barred by the general release contained in the agreement.

### AS AND FOR A THIRTY-THIRD DEFENSE

Defendant reserves the right to assert additional affirmative and other defenses as they become known during the course of discovery.

WHEREFORE, Defendant demands judgment as follows:

a) Enter judgment dismissing the Complaint in its entirety with prejudice;

b) Granting Defendant the costs and disbursements incurred in connection with this action, including attorneys' fees; and

c) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 27, 2007

                                                                                       McGUIREWOODS LLP

By: _____
    Michael J. DiMattia (MD-0473)
    Philip A. Goldstein (PAG-0908)
    1345 Avenue of the Americas, 7th Floor
    New York, New York 10105-0106
    (212) 548-2100
    Attorneys for Defendant